IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBIN ROBINSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-296-DWD |
| | ) |
| ERIC WILLIAMS,[1] | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Before the Court is Robin Robinson's habeas petition brought pursuant to 28 U.S.C. § 2241. (Doc. 1) Robinson claims that the Bureau of Prisons ("BOP") failed to credit her for 438 days served. (Doc. 1 at 1) The petition is fully briefed and ripe for decision. (Docs. 1, 9 & 10) For the following reasons, the petition is due to be denied.

An inmate may challenge the computation of her sentence by bringing a habeas petition under 28 U.S.C. § 2241. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997). However, an inmate must first exhaust the Bureau of Prisons' ("BOP") administrative remedy process. *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009). The BOP's process begins with the inmate presenting her concern informally to BOP staff. 28 C.F.R. § 542.13. If the issue is not resolved informally, an inmate may file a formal written request using the BP-9 form directed to the warden of the inmate's facility. 28 C.F.R. § 542.14. If an

---

[1] Counsel for Respondent has indicated that Eric Williams serves as the Warden of FCI-Greenville. (Doc. 10 at 1 n.1) Accordingly, the Clerk of Court is DIRECTED to correct the Respondent's name on the docket sheet to "Eric Williams."

inmate is dissatisfied with the warden's response, the inmate may appeal to the regional director using the BP-10 form. 28 C.F.R. § 542.15. If the issue is still not resolved, an inmate may appeal to the general counsel using the BP-11 form. *Id.* If at any point an inmate does not receive a timely response, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Robinson claims that she has taken the proper steps using the administrative remedy forms but either has been told that her sentence was calculated correctly or has received no response at all. (Doc. 1 at 2) She has produced a copy of a document recording an informal resolution attempt, dated January 25, 2021, but lacking a signature by BOP staff. (Doc. 1 at 5) She has also supplied two emails she appears to have sent to BOP staff on March 1 and 4, 2021, respectively, in which she inquired about the status of her BP-9 form. (Doc. 9 at 7–8) In the emails, she claims to have submitted the BP-9 on February 1, 2021. (Doc. 9 at 7–8) She submitted a second informal resolution attempt form on March 15, 2021, which appears to be signed by BOP staff and indicates that a BP-9 was issued to her on the same day. (Doc. 9 at 10) She also submitted the BP-9 on the same day. (Doc. 9 at 11) Respondent has provided a copy of Warden Eric Williams' April 9, 2021 denial of an administrative remedy request received on March 30, 2021. (Doc. 10-2 at 26–28)

Even assuming that Robinson properly submitted informal and formal remedy requests, there is no evidence that she ever completed the process. Robinson neither alleges nor provides evidence showing that she appealed to the regional director and general counsel using the BP-10 and BP-11 forms. Even if her claim that Warden Williams failed to respond to her initial BP-9 form is true, she should have proceeded with the

appeal process as if her BP-9 had been denied. Therefore, the Court finds that Robinson failed to exhaust her administrative remedies before bringing this petition.

For these reasons, Robinson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED. The petition is DISMISSED without prejudice. The Clerk is directed to close this case. Robinson must complete the entire BOP administrative remedy process, including all available appeals, before refiling her petition.

**SO ORDERED.**

Dated: July 29, 2021

_____
DAVID W. DUGAN
United States District Judge